AGOSTINI, PLAINTIFF AND APPELLEE, *v.* AGOSTINI, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in an Action for Support in an Action for Divorce.

No. 1989.—Decided June 9, 1919.

DIVORCE—SUPPORT PENDENTE LITE.—In this case the district court adjudged that the husband, defendant in the divorce suit, pay to the wife for her support *pendente lite* the sum of $50 a month. Perhaps the amount fixed may be excessive, considering the limited means of the defendant, but as the matter is always open before the court of original jurisdiction and a manifest abuse of discretion has not been shown, the judgment should be affirmed.

The facts are stated in the opinion.

*Mr. Carlos del Toro Fernández* for the appellant.

*Mr. Libertad Torres Grau* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Clara Providencia Agostini, née López Antonmattei, brought an action for divorce against her husband, Angel Agostini, and petitioned for separate maintenance in the manner prescribed by law.

In her said petition she alleged in substance that she was

married to Agostini and had borne children during such wedlock; that she had no private means to provide for her maintenance and her husband refused to pay for the support of herself and their children; that she was then living in her father's house, being a burden upon him; that the only ganancial property is an automobile which Agostini is trying to sell.

Agostini demurred to the complaint. His demurrer was overruled and thereupon he answered, admitting certain facts and denying others. The essential allegation of the defendant is that he is unable to provide the support for the reason that he owns no property and is incapacitated for work.

The case was tried on the evidence introduced and the court adjudged that Agostini should pay to his wife for her support *pendente lite* the sum of $50 a month. The defendant then took the present appeal.

In his brief the appellant insists that the petition does not set up facts sufficient to constitute a cause of action. Indeed, the petition is defective, but not to such an extent that it should be wholly rejected. It furnished the court, which also had before it the principal action of divorce, with a sufficient basis for considering the question of separate maintenance.

The evidence examined leaves no doubt regarding the needs of the wife. She lives apart from her husband, with two small children under her charge, at the house of her father who is poor and earns only $70 a month with which to support his own family.

The evidence is uncertain as to whether the husband is able to provide the support. It was shown that he owned a small farm and an old automobile. Evidence was introduced for the purpose of showing that he had received a certain sum of money, but the father of the plaintiff, who was the witness on this point, admitted that the promissory note from which the money was received was payable to Agostini's sisters. It was insinuated that Agostini had transferred his

property to his sisters, but no convincing evidence was offered as to that fact. And, lastly, it was shown that Agostini was in debt and was living in the house of his sisters, suffering from certain wounds inflicted upon him, which, according to his own testimony, resulted from "supposed rumors regarding the aggressor's sister, who people said was my mistress."

The obligation to support each other falls first upon the husband and wife and second upon the legitimate ascendants and descendants. See section 213 of the Civil Code.

The obligation is therefore reciprocal. In this case the wife has shown that she has no property nor income and that she lives with two children at the home of her father who scarcely earns enough to support himself and those directly dependent upon him. The obligation clearly falls upon the husband and father. However, the law does not exact impossibilities. A husband without means and incapacitated for work, however good his intentions may be, can not comply with the obligation of supporting his wife and children. His misfortune may have placed him in the sad situation of being the object of charity rather than of giving. Is such the case here? We have said that the evidence is uncertain, but it was weighed by the trial court to the effect that the husband has sufficient means to furnish the support, and only in case this court should be convinced that the trial judge abused his discretion would we be justified in substituting our opinion for his. We are not so convinced.

Perhaps the amount fixed may be excessive, considering the limited means of the defendant and his present situation, but as the matter of support is always open before the court of original jurisdiction, we prefer not to interfere with its ruling. If the defendant is not really trying to evade an obligation, but is actually unable to comply with it, either absolutely or relatively, he has ways for proving that fact to the court. Section 220 of the Civil Code prescribes when the obligation to give support shall cease, and it is

well known that the amount fixed for support may be increased or reduced as may be required by the facts.

Considering the circumstances, we think that the ends of justice will be better attained by not interfering with the order appealed from and leaving the parties submitted to the good judgment and disinterested control of the district court.

The order below must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.